## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBERT B. LEWIS                                        *

         Plaintiff *Pro Se*                    *

    v.                                                 *     Civil Action No. L-11-3460

DENNIS T. TAYLOR, *President*, and           *
 TRUCK DRIVERS, DRIVER HELPERS,
 TAXICAB DRIVER, GARAGE                       *
 EMPLOYEE, & AIRPORT EMPLOYEES
 LOCAL UNION NO. 355                          *

         Defendants                     *

***\*\*\****

### MEMORANDUM

The Court has reviewed Robert B. Lewis's Complaint, as supplemented.  For the

following reasons the Complaint will be dismissed without prejudice.

Lewis faults Defendants for failing to meet with him to investigate his job termination in

2009 or to "appeal" to his former employer in regard to his firing.  In his supplement, Lewis

generally alleges that Defendants have  taken "unfair advantage of him because of education and

his age as he only went to the 7th grade in the 30's and 40's",  by failing to represent him when

he was terminated from employment after he was involved in two collisions, and received a

speeding ticket.  His allegation of discrimination is generally stated and without supporting facts.

Lewis is a self-represented litigant, and his pleadings are accorded liberal construction.

See Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 and n. 7 (1980)

(per curiam); Cruz v. Beto, 405 U.S. 319 (1972).[1]  Liberal construction means that if the court

can reasonably read the pleadings to state a valid claim, it should do so.  However, a court may

---

[1]   The Court deemed this matter brought on the basis of diversity jurisdiction which means the parties reside in different states.

not "conjure up questions never squarely presented." <u>Beaudett v. City of Hampton</u>, 775 F.2d

1274, 1278 (4th Cir. 1985).   A court cannot ignore a clear failure in the pleading to allege facts

which set forth a cognizable claim in a federal district court.  <u>See</u> <u>Weller v. Department of Social</u>

<u>Services</u>, 901 F.2d 387 (4th Cir. 1990).

     In the absence of any cognizable basis for relief, this case will be dismissed without

prejudice.[2]  A separate Order follows.

January 25, 2012                                             /s/

                                        _____
                                        Benson Everett Legg
                                        United States District Judge

---

[2]   Plaintiff may wish to contact an attorney if he intends to pursue his concerns.  The court expresses no opinion, however, as to the merit of his claims.